UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE LEE THOMPSON,

        Plaintiff,

v.

        CASE NO. 05-CV-73451-DT
        HONORABLE AVERN COHN

JUDITH S. THOMPSON and
EVELYN BRADFORD,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Eddie Lee Thompson is proceeding pro se and in forma pauperis.  See 28 U.S.C. § 1915(a). Plaintiff is a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan.  Plaintiff claims that defendant Judith Thompson committed malpractice by failing to properly prepare and disclose competency evaluation reports related to his criminal proceedings and that defendant Evelyn Bradford engaged in malpractice by prescribing him psychiatric medications, which he refused to take and were forcefully administered by prison officials.  Plaintiff further claims that the defendants' actions interfered with his ability to prepare a defense and express himself during his 1994 criminal proceedings.  Plaintiff seeks monetary damages and other appropriate relief.  For the reasons that follow, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state claims upon which relief may be granted.

II.

Under the Prison Litigation Reform Act, the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).[1]  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

III.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978).  A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment.  Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).  In this case, however, Plaintiff is actually seeking habeas corpus relief, inasmuch as his claims address the validity of his imprisonment.  Ruling on the claims raised would necessarily imply the invalidity of his continued confinement.  Such claims are not properly brought under 42 U.S.C. § 1983.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding

---

[1]The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A.

2

that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  Id. at 487-89.  Thus, to the extent that Plaintiff challenges the circumstances underlying his continued confinement, his civil rights complaint must be dismissed.

## IV.

Plaintiff's complaint is also subject to dismissal to the extent that he asserts a malpractice claim against the defendants.  It is well-settled that claims of negligence concerning a prisoner's medical treatment, i.e. medical malpractice, are not cognizable in a civil rights action brought under 42 U.S.C. § 1983.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983.  Collins v. City of Harker Hgts., 503 U.S. 115, 127-28 (1992); Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn., 34 F.3d 345, 348 (6th Cir. 1994).

Moreover, any allegation that the defendants were grossly negligent also fails to state a claim under §1983.  The United States Court of Appeals for the Sixth Circuit has specifically held that "gross negligence is not actionable under §1983 because it is not arbitrary in the constitutional sense."  Lewellen, 34 F.3d at 351.  Plaintiff alleges no facts

to show that the defendants acted with deliberate indifference or intentionally acted to cause him injury.

V.

For the reasons stated above, Plaintiff has failed to state claims against the defendants upon which relief may be granted.  Accordingly, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(b).

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962); McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED.**

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  September 16, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 16, 2005, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager
(313) 234-5160

4