UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE LEE THOMPSON,

       Plaintiff,

v.

                       CASE NO. 05-CV-73451-DT
                       HONORABLE AVERN COHN

JUDITH S. THOMPSON and
EVELYN BRADFORD,

       Defendants.
_____/

### ORDER DENYING MOTION
### UNDER HOUSE JOINT RESOLUTION ACT 192 (1933) (Doc. 15).

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983 which has long since closed. Before the Court is plaintiff Eddie Lee Thompson's pro se "Motion Pursuant to House Joint Resolution Act 192 June 5, 1933" regarding the Court's 2005 summary dismissal of his complaint.[1] For the reasons that follow, the motion will be denied.

II.

In 2005, plaintiff filed a complaint and was granted leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915(a). The Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. As stated in the order of dismissal, some of plaintiff's claims concerned the validity of his continued confinement and were not properly raised in a

---

[1] Plaintiff filed the identical motion in another closed civil rights case, 05-60232, which was before a different judge in this district.

civil rights action, see Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and other claims concerned allegations of medical malpractice and negligence which did not rise to the level of a constitutional violation, see Estelle v. Gamble, 429 U.S. 97, 106 (1976).

III.

In his motion, plaintiff demands a refund of the fees he has paid for this action and cites House Joint Resolution 192 (1933). Under the Prison Litigation Reform Act ("PLRA"), a prisoner who qualifies to proceed in forma pauperis in a civil rights action is still liable for the civil action filing fee and must pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The PLRA does not allow any exemptions to the requirement that an indigent prisoner pay the filing fee over time. See White v. Paskiewicz, 89 F. App'x 582, 584 (6th Cir. 2004) (citing In re Prison Litigation Reform Act, 105 F.3d 1131, 1133-34 (6th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997)). The payment schedule is established by federal statute. See 28 U.S.C. § 1915(b)(2). Plaintiff presents no valid legal authority which gives the Court discretion to refund or stop his required payments. His citation to House Joint Resolution 192 (1933) is not relevant. House Joint Resolution 192 (1933), codified at 31 U.S.C. § 5118, provided for the suspension of the gold standard, see Holyoke Water Co. v. American Writing Paper Co., 300 U.S. 324, 339 n.1 (1937) (setting forth the joint resolution), an action by Congress having no conceivable bearing on Plaintiff's criminal proceedings, medical care, or payment of fees for this case.

IV.

Accordingly, for the reasons stated above, plaintiff's motion is DENIED.

The Court also concludes that an appeal from this order would be frivolous and cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962); McGore, 114 F.3d at 610-11 (6th Cir. 1997).

SO ORDERED.


      s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  May 18, 2011


I hereby certify that a copy of the foregoing document was mailed to Eddie Thompson 241541, Newberry Correctional Facility, 3001 Newberry Avenue, Newberry, MI 49868 and the attorneys of record on this date, May 18, 2011, by electronic and/or ordinary mail.

      s/Julie Owens
Case Manager, (313) 234-5160